UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL L. S.,

Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-06161-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB") and disabled widow's benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v.*

*Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## BACKGROUND

Plaintiff applied for DIB and disabled widow's benefits on January 16, 2020, alleging disability as of June 1, 2017.[1] AR 1246. She was last insured on December 31, 2021. AR 1249. Her applications were denied initially and upon reconsideration. AR 1246. ALJ Malcom Ross conducted a hearing in November 2021 and found plaintiff not disabled. AR 15-28.

Plaintiff appealed and on April 11, 2023, this Court reversed and remanded the case for further administrative proceedings. AR 1448-64. Plaintiff filed subsequent claims for DIB and Supplemental Security Income ("SSI"). AR 1479. The state agency found plaintiff disabled on her SSI claim as of her filing date. *Id.* The Appeals Council thus instructed the ALJ on remand to consider only the period prior to August 31, 2022. *Id.*

On remand, the ALJ held two additional hearings, and issued a decision on January 15, 2025, finding that plaintiff was not disabled from December 28, 2018, through February 20, 2022, but that she became disabled thereafter. AR 1246-70. The Appeals Council declined plaintiff's written exceptions, and she appealed to this Court. AR 1236-38.

---

[1] Plaintiff amended her onset date to December 28, 2018, at her hearing in 2021. AR 1247.

## DISCUSSION

### 1. Rule of Mandate & Law of the Case

A federal court may provide instructions on remand in Social Security disability review proceedings. *Sullivan v. Hudson*, 490 U.S. 877, 885-886 (1989), *overruled on other grounds in Shalala v. Schaefer*, 509 U.S. 292, 300 n.4 (1993). If an ALJ deviates from a court's order of remand, that deviation "is itself legal error, subject to reversal on further judicial review." *Id.* at 886. If a remand order does not contain restrictive language, or if the scope of the remand is expressly made broad, then neither law of the case nor the rule of mandate would constrict the ALJ in a remand hearing. *See Stacy v. Colvin*, 825 F.3d 563, 566, 568-569 (9th Cir. 2016) (finding the ALJ did not violate the rule of mandate and holding that the remand order must be read holistically, the District Judge's remand order was expansive, not intended to restrict the ALJ from taking new evidence, and essentially remanded on an open record).

"[T]he rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Hall v. City of Los Angeles,* 697 F.3d 1059, 1067 (9th Cir. 2012). The rule of mandate is a jurisdictional rule, but the law of the case doctrine is discretionary and a judicial invention to promote judicial efficiency. *Id.* Law of the case "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Id*. For the law of the case doctrine to be applied, the Court must consider whether the issue has been explicitly decided, or whether it was by necessary implication decided. *Id.* Law of the case should not be applied if "the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy,* 825 F.3d at 567.

Plaintiff argues that the ALJ violated the rule of mandate in rejecting the opinions of Dr. Choi and Ms. Martinez, and in relying on Dr. Pickett's consultative examination to find malingering. Dkt. 8 at 2. Here, the Court's remand order did not contain restrictive language or specific instructions, the Court simply remanded for further administrative proceedings. AR 1464. Similarly, the Appeals Council's remand order only instructed the ALJ to limit the period under review to the time prior to August 31, 2022, and to offer plaintiff the opportunity for a new hearing. AR 1479. The ALJ held two hearings on remand and accordingly did not violate the Court's instructions on remand. AR 1326-74.

Plaintiff is correct that the ALJ repeats reasoning that this Court previously found erroneous. *Compare* AR 24-25 *and* 1263-66; *see also* AR 1448-64 (2023 remand order).

Such recycling of reasons is barred by law of the case. *See Reeve v. Kijakazi,* 2023 WL 7411537, at *2 (9th Cir. Nov. 9, 2023) (finding ALJ violated law of the case by repeating reasoning previously rejected by the district court). That said, this error was harmless and does not warrant remand, as the ALJ provided additional reasons for rejecting plaintiff's testimony and the opinions of Dr. Choi and Ms. Martinez. *See Tabayoyon v. Kijakazi,* 2022 WL 16570801, at *1 n.1 (9th Cir. Nov. 2, 2022) ("Although the second ALJ improperly adopted portions of the prior ALJ's decision, any error was harmless because the ALJ in this case complied with the court's remand order and provided independent reasoning for its decision.").

**2. Medical Evidence**

The ALJ erred by giving unsupported reasons for rejecting the opinions of Dr. Choi and Ms. Martinez.

Under the applicable regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b); *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods,* 32 F.4th at 791-92. Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. The ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

**a. Youngbin Choi, M.D.**

Dr. Choi opined in November 2021 that plaintiff could perform light work, would need to lie down during the day, and would miss an average of two days of work per month. AR 1215-16. Dr. Choi opined that these limitations began in 2010. *Id.* The ALJ found Dr. Choi's opinion unpersuasive because it was inadequately supported by his treatment notes and inconsistent with the record as a whole. AR 1265.

As in the 2021 decision, the ALJ found Dr. Choi's opinion inconsistent with plaintiff's ability to work in 2010. AR 1265. This reasoning was previously found erroneous by this Court in 2024 and the ALJ has thus violated the law of the case in repeating it. *See Reeve,* 2023 WL 7411537, at *2. However, as noted above, such error is harmless as the ALJ provided additional reasons for rejecting the opinion on remand. *Tabayoyon,* 2022 WL 16570801, at *1 n.1.

Specific to Dr. Choi's opinion that plaintiff needed to lie down during the day and would miss at least two days of work per month, the ALJ found that the record did not contain contemporaneous reports by plaintiff that she needed to lie down or that plaintiff missed appointments. AR 1266. Plaintiff argues that such migraine-related limitations are often inferred from symptom severity, frequency, and treatment rather than documented in formal work-preclusion statements in treatment notes. Dkt. 8 at 9.

Plaintiff's ability to attend medical appointments is not inconsistent with Dr. Choi's opinion that she would miss at least two days of work per month. *Hernandez-Devereaux v. Astrue,* 614 F.Supp.2d 1125, 1147 (D. Or. 2009) ("Whether plaintiff can attend medical appointments has little bearing on whether she is able to maintain an eight-to-five workday, five days a week."). This limitation is also supported by the fact that plaintiff reported being fired from her last job because she called out of work too often due to her migraines. AR 390, 852, 863, 1166.

Although Plaintiff did not constantly complain about needing to lie down because of her headaches, this complaint is documented in the record outside of Dr. Choi's opinion. AR 390 ("She has chronic headaches and migraines…She does better when laying down."). That treatment records which document plaintiff's symptoms and diagnoses do not otherwise reflect such a specific limitation is not substantial evidence that the limitation is unwarranted, as the primary function of medical records is not to provide evidence for disability determinations. Further, she more generally reported her chronic migraines to various providers, at times characterizing them as "debilitating" and "extreme." *See, e.g.*, 390, 396, 530, 835, 880, 994, 1169, 1186, 1193, 1207, 1208, 2016. Plaintiff also told Dr. Choi that when she experienced breakthrough worsening of

her daily headache two to three times per week, the pain was “severe enough to disable her daily life” and were associated with nausea. AR 610. The need to lie down during the day is not inconsistent with these symptoms.

The ALJ also found Dr. Choi’s opinion inconsistent with plaintiff’s significant response to migraine treatment with Fioricet and Botox. AR 1266. Since beginning treatment with Botox injections every three months, plaintiff reported a 50% reduction in migraine days. AR 753, 1818, 1820-21, 1860.

The improvement is significant, yet it must be considered in the context of plaintiff’s condition. *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001) (finding that improvement must be considered “in context of the overall diagnostic picture” and “does not mean that the person’s impairments no longer seriously affect her ability to function in a workplace”).

When plaintiff began treatment with Dr. Choi in 2020, she reported that she hadn’t had a headache-free day in five years. AR 610. Her treatment records note that she meets the diagnostic criteria for chronic migraine with at least 15 days of migraine headaches per month for at least four hours per day. AR 1818. Thus, a 50% improvement in this context still leaves plaintiff being limited by migraines *at least* seven days out of every month, if not more. Further, Dr. Choi’s opinion was rendered in November 2021, over a year after plaintiff began Botox injection treatment. AR 667 (first Botox injections received August 7, 2020). Having authored the opinion after plaintiff began such treatment, Dr. Choi likely considered her improvement in developing his opinion. Plaintiff’s improvement with treatment is not inconsistent with Dr. Choi’s opinion.

The ALJ found Dr. Choi's opinion inconsistent with unremarkable findings in the record such as normal gait, balance, and range of motion; full strength; intact sensation and coordination; and no muscle or motor deficits. AR 1266. This Court previously found this reasoning sufficient to discount Dr. Choi's opined exertional limitations, but insufficient to justify rejecting his opinion regarding plaintiff's need to lie down during the day and her expected absences from work. AR 1461.

The ALJ found Dr. Choi's opinion unpersuasive because, despite opining that her limitations began in 2010, Dr. Choi did not begin treating plaintiff until 2020 and thus had no contemporaneous knowledge of plaintiff's condition before that time. AR 1266. This was not a legitimate reason to reject Dr. Choi's opinion, however, as medical opinions "are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Plaintiff reported to Dr. Choi at her initial visit that she had experienced a constant headache every day for the past five years and had a stroke in 2010. AR 609-10. It is unclear whether Dr. Choi reviewed any of plaintiff's medical records or based his 2010 onset date solely on plaintiff's self-reported symptom history, but the record includes notations that plaintiff has been diagnosed with migraines since at least 2013. *See* AR 419, 560. Even if it were reasonable to find Dr. Choi's opinion unpersuasive as it related to the time before his treatment relationship with plaintiff began, this was not a valid reason to reject Dr. Choi's opinion in its entirety.

**b. Jessica Martinez, M.A., L.M.F.T.**

The ALJ found the opinion of plaintiff's therapist, Ms. Martinez, unpersuasive because she provided no support for the boxes she checked on the opinion form. AR

1264. This reasoning was previously found erroneous by this Court in 2024 and the ALJ has thus violated the law of the case in repeating it. *See Reeve,* 2023 WL 7411537, at *2. However, as noted above, such error is harmless as the ALJ provided an additional reason for rejecting the opinion on remand. *Tabayoyon,* 2022 WL 16570801, at *1 n.1.

The ALJ also found Ms. Martinez's opinion inconsistent with clinical mental status exam findings in the record. AR 1264 (citing AR 392, 396, 405, 867-68, 886, 955, 987, 997, 1001, 1102, 1181, 1789, 1815, 1857, 2045, 2054, 2526). Many of the examinations relied upon indicate plaintiff is depressed, tearful, and anxious, which is consistent with Ms. Martinez's records and opinion. *See* AR 886, 995, 1102, 1181, 1789. Several of the ALJ's citations are duplicates which indicate that plaintiff was depressed and dysphoric and had abnormal thought content due to suicidal ideation with plans to kill herself in a car accident. *See* AR 886, 987, 997, 2045, 2054. The treatment notes cited by the ALJ do not show that Ms. Martinez's opinion is inconsistent with the record and the ALJ accordingly erred by rejecting her opinion on this basis.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id.* at 1052, 1054*; see also Carmickle v. Comm'r., Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008).

Here, the ALJ's errors were harmful as both providers opined that plaintiff would miss work in excess of those periods identified by the vocational experts as being tolerated by employers. At plaintiff's most recent hearing in November 2024, the

vocational expert stated that a person could not maintain employment if they missed work more than once per month. AR 1369-70. At her first hearing in 2021, the vocational expert stated that regularly missing sixteen hours of work or more per month would not be compatible with competitive employment, and that laying down during the day would not be acceptable in the workplace. AR 66-67. Had the ALJ adopted either or both of these opinions, the ALJ would have been required to find plaintiff disabled.

**3. Plaintiff's Symptom Testimony**

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Plaintiff argues that the ALJ erroneously rejected her testimony by relying on Dr. Pickett's evaluation to support malingering. Dkt. 8 at 3. As discussed above, the Court previously found this reasoning erroneous and the ALJ has accordingly violated the law of the case by repeating this reasoning. *Reeve,* 2023 WL 7411537, at *2.

However, any error is harmless as the ALJ has provided additional reasons for rejecting plaintiff's testimony. *Tabayoyon,* 2022 WL 16570801, at *1 n.1. The ALJ also found plaintiff's testimony undermined by her improvement with treatment, inconsistent

symptom reports to providers, and inconsistency with the record. AR 1253-62. Plaintiff does not address these additional reasons offered by the ALJ for discounting her testimony and has accordingly waived these arguments. *See Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (finding arguments not made in opening brief are deemed waived).

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled before February 21, 2022. Therefore, the ALJ committed harmful error concerning Dr. Choi and Ms. Martinez; the decision finding plaintiff not disabled is reversed and remanded for further administrative proceedings, including a de novo hearing on an open record and a reevaluation of the medical opinions of Dr. Choi and Ms. Martinez.

Dated this 13th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge